United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Latoya Clark and others, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-24326-Civ-Scola |
| JPMorgan Chase Bank, N.A., | ) |
| Defendant. | ) |

## Order Granting in Part and Denying in Part Motion to Dismiss

Plaintiffs Latoya Clark, Luxx Lashes by Lay, LLC ("Luxx"), Tastetunup, LLC ("Tastetunup") and Squeeze-It Corporation ("Squeeze-It")(collectively the "Plaintiffs") initiated this action against JP Morgan Chase Bank, N.A. ("Chase") and Kabbagae, Inc. ("Kabbage") for injuries suffered as a result of Chase's failure to release funds into the Plaintiffs accounts during the Covid-19 pandemic. (Compl., ECF No. 1.) Chase filed a counterclaim against the Plaintiffs in interpleader or alternatively seeking a declaratory judgment against the Plaintiffs and Kabbage, Inc. (ECF No. 20.) The Plaintiffs filed a motion to dismiss Chase's counterclaim arguing that Chase fails to state a claim for interpleader or for declaratory relief. (Mot. to Dismiss, ECF No. 31.) Chase filed a response in opposition and the Plaintiffs timely filed a reply. (Resp., ECF No. 43; Reply, ECF No. 44.) Defendant Kabbage also filed a response to the Plaintiffs' motion. (ECF No. 42.) After careful consideration, the Plaintiffs' motion to dismiss is **granted in part and denied in part. (ECF No. 31.)**

1. **Background**

In June 2020, the individual Plaintiff and the Plaintiff entities each opened a checking account with Chase. (ECF No. 20 at ¶ 18.) The Plaintiffs each received a Deposit Account Agreement, which notified the Plaintiffs that Chase could restrict access to funds deposited in their accounts under various circumstances. The agreement states that funds may be withheld, refused, frozen, or delayed if Chase receives conflicting information or instructions regarding account ownership, a transfer appears to involve fraudulent or illegal activity, or if Chase is complying with applicable laws. (*Id.* at ¶¶ 20, 22.) The agreement also indicates that Chase "may also place funds in a court (this is called interpleader) for resolution. (*Id.* at ¶ 22.) The agreement explained "[w]e will have no liability for any action we take under this section and we may take such action without advanced notice." (*Id.*)

Earlier in the year, the Plaintiff entities applied for financial assistance under the Paycheck Protection Program (the "PPP") and the Small Business Administration ("SBA"). (*Id.* at ¶ 13.) The PPP eligibility requirements include that businesses must have been impacted by Covid-19 as of February 15, 2020 and that applicants certify that funds will be used for approved purposes only. (*Id.* at ¶ 14.) The three businesses were approved to receive financial assistance loans, which were deposited into their respective Chase accounts. On June 27, 2020, Luxx Lashes received a deposit into its account in the amount of $418,803. (*Id.* at ¶ 25.) On July 1, 2020, Tastetunup received a deposit in the amount of $132,400 and Squeeze-It received a deposit in the amount of $451,000. (*Id.*) Then on July 9, 2020, an additional $10,000 was deposited into Tastetunup's account. (*Id.*) All three loans were originated by a third party Kabbage, Inc. (*Id.* at ¶ 27.)

After the loans were deposited, Chase learned concerning information about the Plaintiff entities. (*Id.* ¶ 28.) None of the entities had been established or active by February 15, 2020, the cutoff date for eligibility for PPP loans. Tastetunup, although established, was not active on February 15, 2020, and was not reinstated as an active company until April 21, 2021. (*Id.* ¶ 29.) Squeeze-It was not incorporated until April 27, 2021. (*Id.* ¶ 30.) And Luxx was not incorporated until May 12, 2021. (*Id.* ¶ at 31.) Chase contacted the Plaintiffs to seek additional information on all three business accounts. (*Id.* at ¶ 33.) Simultaneously, Chase restricted the related accounts, including the individual Plaintiff's account. (*Id.*) The Plaintiffs failed to provide the information requested by Chase, specifically, information showing that the businesses were in operation before February 15, 2020. (*Id.* at ¶ 35.) The information the Plaintiffs did provide raised additional concerns. For example, the Plaintiffs submitted letters to Chase identifying employer identification numbers and dates of incorporation for the three companies that are inconsistent with the information provided by the Florida Division of Corporations. (*Id.* at ¶ 36.) Due to these inconsistences, Chase limited the Plaintiffs' access to the subject accounts and restricted the Plaintiffs from accessing the loan funds therein. Chase remains in possession of the funds at issue.

The Plaintiffs initiated this action against Chase for harm sustained as a result of Chase's restriction of the accounts. (ECF No. 1.) The Plaintiffs allege claims for: violations of the Expedited Funds Availability Act, 12 U.S.C. § 4001 (Count I); gross negligence (Count II); discrimination in violation of 42 U.S.C. § 1981 (Count III); breach of contract (Count IV); injunctive relief (Count V); and declaratory judgment (Count VI). In addition to answering the Plaintiffs' complaint, Chase also filed a counterclaim for interpleader against the

Plaintiffs and Kabbage. (ECF No. 20.) Chase represents that it is unsure of how to disburse the funds and seeks to avoid claims from Kabbage. Chase claims that both the Plaintiffs and Kabbage may have a valid claim to the monies in the Chase accounts. Chase alleges that if it disburses the funds to the Plaintiffs despite its perceived inconsistencies in their paperwork, Chase would be open to claims from Kabbage (in addition to those raised by the Plaintiffs). Chase seeks a final judgment relieving it of any liability regarding the funds at issue, instruction to release the funds from the three accounts to be deposited with the Clerk of the Court until it is decided whether the Plaintiffs are the rightful owners of those monies. Alternatively, Chase seeks declaratory judgment instructing Chase with how to handle or disburse the funds.

The Plaintiffs have filed a motion to dismiss Chase's counterclaim on the grounds that it has not stated either a claim for interpleader or declaratory judgment. After careful consideration, the Plaintiffs' motion is granted in part and denied in part. The motion is granted with respect to Chase's claim for declaratory judgment. The motion is denied as it pertains to Chase's claim for interpleader. The Court will not discharge Chase from this action because factual issues remain with respect to the Plaintiffs' claims against Chase. Lastly, because the parties agree the funds should be deposited with the Clerk of the Court, the Court grants Chase's request to deposit the funds at issue into the Court's registry.

### 2. Legal Standard

"A motion to dismiss a counterclaim under Rule 12(b)(6) "is evaluated in the same manner as a motion to dismiss a complaint." *Frank v. Rockhill Ins. Co.*, No. 2:18-CV-162-FTM-99CM, 2018 WL 5619325, at *1 (M.D. Fla. Oct. 30, 2018). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all of a complaint's well-pled factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though the Rule does not require detailed factual allegations, it does require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets, internal citation, and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* So a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will be dismissed. *Id.*

### 3. Analysis

As a preliminary matter, the Court grants the Plaintiffs' motion regarding Chase's claim for declaratory relief because it is duplicative of its interpleader claim. *See Cf McBride v. McMillian*, No. 1:15-CV-0815-AT, 2015 WL 13310486, at *2 (N.D. Ga. Nov. 4, 2015), *aff'd,* 679 F. App'x 869 (11th Cir. 2017). In both counts, Chase seeks a determination of whether the funds should be distributed to the Plaintiffs or returned to Kabbage because either option could result in liability. (ECF No. 20 at ¶¶ 47, 48, 56, 57.) Accordingly, the Plaintiffs' motion is granted on this point.

Turning to Chase's interpleader claim, the Court finds that Chase has met its burden at the pleading stage. Chase has sufficiently stated that it is possibly subject to claims from the Plaintiffs and from Kabbage. Indeed, the Plaintiffs have filed their claims and Kabbage, in its response to the counterclaim, admitted that it may be entitled and seek return of some of the funds at issue. (ECF No. 42 at ¶ 40.) *Stevens v. AGC Life Ins. Co.*, No. 13-62276-CIV, 2014 WL 11706424, at *2 (S.D. Fla. Mar. 12, 2014) (Scola, J.) (denying motion to dismiss interpleader counterclaim because the defendant insurance company had sufficiently stated it could be subjected to multiple claims from purported beneficiaries).

The Plaintiffs argue that Chase has misunderstood the allegations of their complaint and interpleader is improper because Chase may be liable to the Plaintiffs for the mishandling of the subject monies. The Plaintiffs' first argument is rejected because the Court evaluates the motion to dismiss based on the allegations raised in the interpleader complaint not in those raised in the Plaintiffs' complaint. *Stevens*, 2014 WL 11706424, at *2. Next, interpleader is not improper simply because Chase may be liable to the Plaintiffs. *Hauger v. John Hancock Life Ins. Co., (USA)*, No. 8:07CV1711T-EAJ, 2008 WL 341432, at *3 (M.D. Fla. Feb. 5, 2008) (Jenkins, J.) (finding that interpleader action was proper even though the party filing a counterclaim in interpleader might be liable to the plaintiff under a tort theory). Accordingly, the motion to dismiss is denied.

However, Chase will not be discharged from this action because it may be independently liable to the Plaintiffs. *Id.*; *Jackson Nat'l Life Ins. Co. v. Sun Coast Tr. Co., Inc.*, No. 8:18-CV-1401-23AAS, 2019 WL 1787491, at *4 (M.D.

Fla. Apr. 24, 2019) (Sansone, J.) Additionally, there are remaining questions regarding Chase's conduct after receiving the funds from Kabbage, including the steps it took to investigate the issue, its notices to the Plaintiffs and Kabbage, and the documents it received from the Plaintiffs. *Hauger*, 2008 WL 341432, at *3.

Lastly, Chase's request to deposit the funds in the accounts at issue into the Court's registry is unopposed. (ECF No. 44 at 5.) Accordingly, the request is granted. *Jackson*, 2019 WL 1787491, at *4.

### 4. Conclusion

For the foregoing reasons, the Plaintiffs' motion to dismiss is **denied**. (ECF No. 31.) Chase's request to deposit the funds at issue into the Court registry is **granted**.

**Done and ordered**, at Miami, Florida, on July 8, 2021.

Robert N. Scola, Jr.
United States District Judge