United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Latoya Clark and others,<br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.,<br>Defendant/Counter-Plaintiff/Third-Party Plaintiff,<br><br>v.<br><br>Kabbage, Inc., Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-24326-Civ-Scola<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### Order of Dismissal

     This matter is before the Court on Defendant JP Morgan Chase Bank, N.A.'s ("Chase") motion to dismiss for lack of prosecution. (Mot., ECF No. 92.) Plaintiffs Latoya Clark and her companies Luxx Lashes by Lay, LLC ("Luxx"), Tastetunup, LLC ("Tastetunup") and Squeeze-It Corporation ("Squeeze-It") (collectively the "Plaintiffs") did not file a response in opposition, and the time to do so has passed. Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Chase's motion. **(Mot., ECF No. 92.)**

     On September 1, 2021, counsel for the Plaintiffs moved to withdraw from representing the individual and corporate Plaintiffs because "Clark has not responded to telephone calls or emails," regarding the prosecution of her and the companies' claims. (Mot. to Withdraw, ECF No. 68.) The Court granted counsel's motion to withdraw and required the corporate Plaintiffs to retain counsel by a date certain. (Order, ECF No. 76.) On September 8, 2021, the Court also directed Clark to obtain counsel or advise the Court and Chase whether she would continue prosecuting this case pro se. (*Id.*) On November 2, 2021, the Court entered an order cautioning the Plaintiffs that failure to appear in this matter would result in a default judgment. (Order, ECF No. 86.) Since then, the Plaintiffs have not retained counsel nor made any other appearance in this case. On December 21, 2021, Chase moved to dismiss the Plaintiffs' complaint for lack of prosecution. (Mot.) Thereafter, on January 5, 2022, the Court ordered the Plaintiffs to show cause as to why their case should not be

dismissed. (ECF No. 95.) The Plaintiffs have not responded either to Chase's motion or the Court's order.

"Under Federal Rule of Civil Procedure 41(b), a district court is authorized to dismiss an action for failure to comply with local rules … and the district court may exercise that power *sua sponte*." *Brye v. Sec'y for Dep't of Corr.*, 228 Fed. Appx. 843, 843 (11th Cir. 2007) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). Since "dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (citing *World Thrust*). Additionally, a district court may dismiss a case for a plaintiff's failure to prosecute its claims or comply with court orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Svc., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). This inherent authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.*

Accordingly, the Court **grants** Chase's motion and dismisses the Plaintiffs' action for failure to prosecute and failure to comply with this Court's orders. Chase's counterclaim and interpleader action remain pending this order notwithstanding. Chase is ordered to serve a copy of
this Order on the Plaintiffs at their last known addresses and file a notice of compliance upon completion.

**Done and ordered** in Miami, Florida, on March 7, 2022.

_____
Robert N. Scola, Jr.
United States District Judge