UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24326-CIV-SCOLA/GOODMAN

LATOYA CLARK, et al.,

    Plaintiffs/Counter-Defendants,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v.

KABBAGE, INC.

    Third-Party Defendant.
_____/

REPORT AND RECOMMENDATIONS ON
DEFENDANT/COUNTER-PLAINTIFF/THIRD-PARTY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This Cause is before the Undersigned on Defendant/Counter-Plaintiff/Third-Party Plaintiff JPMorgan Chase Bank, N.A.'s ("Chase") Motion for Default Judgment and Motion for Discharge [ECF No. 93], which United States District Court Judge Robert N. Scola referred to me. [ECF No. 94]. The Undersigned has reviewed the motion and other

relevant portions of the record.[1] For the reasons given below, the Undersigned **respectfully recommends** that the District Court **grant** Chase's motion.

I. **Background**

On October 21, 2020, Plaintiffs Latoya Clark, Luxx Lashes By Lay, LLC, Tasteunup, LLC, and Squeeze-It Corp ("Clark" or "Plaintiffs") filed a Civil Rights and Breach of Contract action against Chase, alleging multiple causes of actions based on Chase's purported racist motivations in refusing to allow Plaintiffs' access to their bank account funds that were obtained via Paycheck Protection Program ("PPP")[2] loans. [ECF No. 1].

Chase filed an Answer containing its Affirmative Defenses and an Interpleader and Declaratory Judgment Counterclaim against Clark and Third-Party Defendant Kabbage, Inc. ("Kabbage"). [ECF No. 20]. Chase's interpleader counterclaim alleges "Chase has no interest in the funds." It asked the Court to determine whether Clark or Kabbage, "the entity that originated the PPP loans," should be entitled to the funds in Clark's Chase bank accounts. *Id.* As part of its Interpleader claim, Chase also sought discharge from the case. *Id.*

---

[1] Plaintiffs/Counter-Defendants have not filed a response to Chase's motion, and the time to do so has now expired.

[2] Congress created the PPP under the Coronavirus Aid, Relief, and Economic Security Act (also known as the CARES Act), and it was designed to provide businesses with financial relief so that they could cover costs related to payroll and other business expenses. There are several eligibility requirements in order for businesses to be eligible for and obtain a PPP loan. 15 U.S.C. § 636(a)(36); 85 Fed. Reg. 20811, at 20812 ¶ 2.A (Apr. 15, 2020); *see also* 13 C.F.R. § 120.

In response, Clark filed a Motion to Dismiss Chase's Counterclaim, alleging, among other things, that Chase is not a "mere innocent stakeholder," there is no possibility of "multiple exposure," and that Chase failed to state a valid claim for declaratory relief. [ECF No. 31]. The District Court entered an Order granting in part and denying in part Clark's motion. [ECF No. 54]. In the Order, the District Court dismissed Chase's declaratory judgment claim because it was duplicative of Chase's interpleader claim and denied Chase's request to be discharged because it could still be independently liable to Clark on her claims. *Id.* The Court denied Clark's request to dismiss Chase's interpleader claim and also granted Chase's request to deposit the funds into the Court's registry. *Id.*

Kabbage, meanwhile, filed an Answer to Chase's Counterclaims. [ECF No. 42]. Further, following the Court's Order, Chase deposited the interpleaded funds into the Court's registry. [ECF Nos. 74; 74-1].

Clark, however, never filed an answer to Chase's remaining interpleader counterclaim. In fact, since entry of the Order granting in part and denying in part her motion to dismiss, Clark has participated in the litigation in only a limited fashion, attending only two discovery hearings scheduled by the opposing parties. [ECF Nos. 56; 60; 65-67; 72]. During this time, Clark's counsel filed multiple motions to withdraw because "Clark ha[d] not responded to telephone calls or emails" regarding the

prosecution of her and the companies' claims. [ECF Nos. 64; 68; 71]. The Court granted the request to withdraw on September 8, 2021. [ECF No. 76].

The three corporate Plaintiffs were instructed to obtain counsel by September 28, 2021, and Clark, individually, was instructed to either retain counsel or file a written notice of intent to represent herself by the same date. *Id.* Neither Clark nor the three corporate Plaintiffs retained counsel or filed any document indicating a desire to proceed forward with the litigation.

Judge Scola then directed Chase to submit a Motion for Entry of Clerk's Default by October 21, 2021. [ECF No. 80]. Chase complied [ECF No. 82] and the Clerk entered a Default [ECF No. 83]. After the Clerk's entry of a default, Chase filed both a Motion to Dismiss Plaintiffs' Complaint with Prejudice [ECF No. 92] and the instant motion [ECF No. 93]. Judge Scola granted Chase's Motion to Dismiss Plaintiffs' Complaint with Prejudice due to "Plaintiffs' action for failure to prosecute and failure to comply with this Court's orders." [ECF No. 98]. Judge Scola noted that, despite this dismissal, "Chase's counterclaim and interpleader action remain pending." *Id.*

## II. Legal Standard

Federal Rule of Civil Procedure 12(a)(1)(B) states that a party has 21 days from the date of service to respond to a counterclaim. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P.

4

55(a). A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a final default judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (finding that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion.").

III. **Analysis**

Chase's Interpleader claim alleges the following pertinent facts: (1) Chase has no interest in the interpleaded funds; (2) Chase is a citizen of Ohio, Plaintiffs are citizens of Florida, and Kabbage is a citizen of Georgia; (3) the interpleaded funds at issue are more than $500.00 (specifically, $1,012,203.00); and (4) Plaintiffs have made a claim of entitlement to the funds and Kabbage, as the PPP lender, may also be entitled to the

5

funds. [ECF No. 20]. According to Chase, these facts, as admitted by Plaintiffs via their default, combined with its deposit of the interpleaded funds into the court registry, constitute sufficient evidence to support a default judgment on their interpleader counterclaim. [ECF No. 93].

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).

The federal interpleader statute grants district courts "original jurisdiction of any civil action of interpleader or in the nature of interpleader" only when two or more adverse claimants of diverse citizenship assert claims to a "note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more" and the plaintiff has deposited the subject funds or property into the court registry. 28 U.S.C. § 1335; *see also McBride v. McMillian*, 679 F. App'x 869, 871 (11th Cir. 2017).

The well-pleaded allegations of Chase's interpleader counterclaim, as detailed above by the Undersigned, combined with Chase's deposit of the funds into the court registry, establish all the necessary requirements for proper federal interpleader. In fact, this type of situation -- a non-interested bank seeking to resolve possibly adverse claims to funds in an account -- is a common interpleader action. *See, e.g., Southrust Bank of Fla., N.A. v. Wilson*, 971 F. Supp. 539, 542 (M.D. Fla. 1997) (bank properly brought interpleader

action as innocent stakeholder when two adverse parties laid claims to the funds); *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994) (discussing fees and finding that "[b]anks, too, sometimes resort to interpleader in their normal course of business"); *Am. Univ. of the Caribbean v. Tien*, No. 04-20834-CIV, 2011 WL 13151200, at *1 (S.D. Fla. Aug. 18, 2011) (bank brought interpleader action so court could resolve competing claims to funds held in a depository account).

Moreover, this Court has already acknowledged the sufficiency of Chase's interpleader claim at the motion to dismiss stage, stating that,

> the Court finds that Chase has met its burden at the pleading stage. Chase has sufficiently stated that it is possibly subject to claims from the Plaintiffs and from Kabbage. Indeed, the Plaintiffs have filed their claims and Kabbage, in its response to the counterclaim, admitted that it may be entitled and seek return of some of the funds at issue. (ECF No. 42 at ¶ 40.)

[ECF No. 54].

Having found that Chase has established an evidentiary foundation for its interpleader claim, the Undersigned turns next to its prayers for relief. First, Chase requests a default judgment and a ruling that Plaintiffs have forfeited their right to the interpleaded funds. [ECF No. 93].

It is well settled that default judgment is available in an interpleader action where a claimant who has been properly served fails to file a response. *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226–27 (D.R.I. 2006); *see also Balfour Beatty Constr., LLC v. New Era Lending, LLC*, No. 6:16-cv-1804-Orl-40TBS, 2017 WL 3971438, at *4

(M.D. Fla. Sept. 8, 2017); *Protective Life Ins. Co. v. Tinney*, No. 2:14-cv-02251-TMP, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2012); *Unicare Life & Health Ins. Co. v. Galvan*, No. 1:11-cv-61-SPM-GRJ, 2011 WL 6258845, at *1 (N.D. Fla. July 15, 2011). Further, courts in this district have found that "by failing to answer or otherwise defend her stake in the interpleader claim, [a defendant] forfeits any claim of entitlement that she might have asserted." *Metro. Life Ins. Co. v. Prewitt*, No. 18-CV-81402, 2019 WL 917430, at *2 (S.D. Fla. Feb. 25, 2019).

Plaintiffs have failed to file a timely answer or to participate. As this Court noted in its Order granting Chase's motion to dismiss the Complaint,

> On September 1, 2021, counsel for the Plaintiffs moved to withdraw from representing the individual and corporate Plaintiffs because "Clark has not responded to telephone calls or emails," regarding the prosecution of her and the companies' claims. (Mot. to Withdraw, ECF No. 68.) The Court granted counsel's motion to withdraw and required the corporate Plaintiffs to retain counsel by a date certain. (Order, ECF No. 76.) On September 8, 2021, the Court also directed Clark to obtain counsel or advise the Court and Chase whether she would continue prosecuting this case pro se. (Id.) On November 2, 2021, the Court entered an order cautioning the Plaintiffs that failure to appear in this matter would result in a default judgment. (Order, ECF No. 86.) Since then, the Plaintiffs have not retained counsel nor made any other appearance in this case. On December 21, 2021, Chase moved to dismiss the Plaintiffs' complaint for lack of prosecution. (Mot.) Thereafter, on January 5, 2022, the Court ordered the Plaintiffs to show cause as to why their case should not be dismissed. (ECF No. 95.) The Plaintiffs have not responded either to Chase's motion or the Court's order.

[ECF No. 98].

For the same reasons the District Court found it appropriate to dismiss Plaintiffs' Complaint with Prejudice, the Undersigned **respectfully recommends** the District Court

**grant** Chase's request for a default judgment and order that Plaintiffs have forfeited any entitlement to the interpleaded funds.

Chase's second request is that the Court dismiss it from the case and discharge it from liability with respect to the interpleaded funds.

If the stakeholder is disinterested (i.e., makes no claim to the property), then a district court is permitted to discharge it from liability and dismiss it from the case. *See e.g., John Alden Life Ins. Co. v. Vanlandingham*, No. 5:04CV538OC10GRJ, 2006 WL 1529047 at *5 (M.D. Fla. May 30, 2006) (granting plaintiff's motion for interpleader and fees and noting that plaintiff, as a disinterested stakeholder, was entitled to early dismissal from case with prejudice); *State Farm Life Insurance Co. v. Mangan*, No. 09-61722, 2010 WL 1504936 (S.D. Fla. Feb. 6, 2010) (granting motion for interpleader and dismissing disinterested stakeholder from case subject to award of fees and costs); *see also Dunn v. Harris Corp.*, 560 F. Supp. 2d 1260, 1262 (M.D. Fla. 2008) (noting that disinterested stakeholder's motion for interpleader was granted and that stakeholder was entitled to be dismissed from case); *United States v. Sentinel Fire Ins. Co.*, 178 F.2d 217, 224 (5th Cir. 1950) (noting that "plaintiffs in [an] interpleader suit [can be] dismissed before final decree").

Moreover, in interpleader actions, "a district court may . . . enter its order restraining [all claimants] from instating or prosecuting any proceeding . . . affecting the property, instrument or obligation involved in the interpleader action." 28 USCA § 2361;

*see also Primerica Life Ins. Co. v. Guerra*, No. 16-CV-22330-KMM, 2016 WL 10591984, at *2 (S.D. Fla. Dec. 21, 2016) ("Pursuant to 28 U.S.C. § 2361, [the defendants] are enjoined from instituting any proceeding, commencing or continuing any action against [the plaintiff] and/or its agents in relation to the Policy.").

Because Plaintiffs' Complaint has been dismissed (which means Chase is no longer a defendant in this action) and Chase is a disinterested party, the Undersigned **respectfully recommends** the District Court **dismiss** Chase from the case. Moreover, because Plaintiffs have forfeited any right to the interpleaded funds, the Undersigned **respectfully recommends** the District Court **enjoin** Plaintiffs from instituting any action against Chase with respect to the interpleaded funds.

## IV. Conclusion

For the aforementioned reasons, the Undersigned **respectfully recommends** the District Court **grant** Chase's Motion for Default Judgment, **dismiss** Chase as a party to the action, and **enjoin** Plaintiffs from instituting any further action against Chase with respect to the interpleaded funds.

## V. Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from

a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 28, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record